## WRIGHT *vs.* WILSON.

Where a written agreement of compromise was entered into between the plaintiff and defendant in certain justice court judgments, which purported to settle all of such judgments, parol evidence to show that the one levied was not included, was inadmissible upon the trial of an illegality filed thereto. If by fraud, accident or mistake, such agreement did not speak the truth, plaintiff should have so alleged in his replication.

Contracts. Evidence. Before Judge HALL. Newton Superior Court. March Term, 1878.

To the report contained in the decision, it is only necessary to add that one of the grounds of the motion for new trial was the admission of parol evidence to show what

judgments were intended to be settled, and what not, by the agreement with defendant.

SIMMS & DICKSON, for plaintiff in error, cited Code, §3800; 36 *Ga.*, 454; 54 *Ib.*, 586; Code, §§2755, 2756–7, 2636, 2654.

EMMETT WOMACK, for defendant.

WARNER, Chief Justice.

This case came before the court below on the trial of an issue formed on an affidavit of illegality to an execution from a justice court, on an appeal therefrom. On the appeal trial in the superior court, the jury found the issue in favor of the plaintiff in execution. The defendant made a motion for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

It appears from the evidence in the record, that Wilson had obtained sundry judgments in a justice court against Wright, all of the same date, supposed to amount to about $650.00. The issue tried on the affidavit of illegality was whether the *fi. fa.* levied on the defendant's property was included in the following written agreement of compromise : "I hereby agree and promise to accept from W. J. Wright, three hundred and fifty dollars in full satisfaction of the judgment claims in my favor *vs.* said W. J. Wright, justice court judgments amounting now to about $650.00 in all, on or by the 15th day of next November, and if said sum of three hundred and fifty dollars be not paid by said time, this agreement of compromise is null and void, and said judgment claims shall be at liberty to proceed for the full amount due on them. This agreement made in consideration that said W. J. Wright shall not go into bankruptcy.

April 29th, 1873.

     (Signed)  WM. M. WILSON,
  per FLOYD & MIDDLEBROOKS, attorneys for Wilson."

" For and in consideration of the sum of three hundred and fifty dollars this day paid to me by D. W. Spence, one hundred and ninety-five of it in money, and the other one hundred and fifty-five by a due bill on the said Spence, I have this day transferred to the said D. W. Spence all the *fi. fas.* issued from the justice court of the 477th dist. G. M., in favor of W. M. Wilson *vs.* W. J. Wright, said *fi. fas.* being compromised to the amount above stated, without recourse.

November 14th, 1873.

W. M. WILSON,
per L. L. MIDDLEBROOKS, attorney for Wilson."

The payment made by Spence was made for Wright and with his money.

According to the terms of the contract, it was evidently the intention of the parties to compromise *all* the judgment claims of Wilson against Wright, obtained in the justice court; but the plaintiff says it was only intended to compromise such of the judgment claims as were in Middlebrooks' hands, and that the *fi. fa.* to which the affidavit of illegality was made, was not in his hands, but was in the hands of the plaintiff, though of the same date as the above. The written contract does not say that the compromise was to be confined to the judgment claims in Middlebrooks' hands, and if that written contract, by mistake or otherwise, does not speak the truth according to the intention of the parties, then let the plaintiff file his replication to the defendant's affidavit of illegality in the nature of a short bill in equity under our practice, and allege wherein the written contract does not speak the truth. If any part of the contract between the parties was omitted by mistake, allege that fact, so as to lay the foundation for the introduction of the evidence to reform the written contract, if it needs reformation, but until that is done, the written contract is the best evidence of what was intended to be embraced in the compromise. The plaintiff in his transfer of the *fi. fas.* to

Spence evidently thought that he was transferring *all* the *fi. fas.* issued from the justice court of the 477th dist. of G. M., in his favor against Wright, in pursuance of the contract of compromise, because it is so stated in the transfer. In view of the facts of this case, we think the court erred in overruling the defendant's motion for a new trial.

Let the judgment of the court below be reversed.